## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDERA PHARMACEUTICALS, INC., ) <br> ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HON. DAVID J. KAPPOS, ) <br>     Under Secretary of Commerce for ) <br>     Intellectual Property & Director of the ) <br>     United States Patent & Trademark Office ) <br> ) <br>     Defendant. ) | Civil Action No. 10-0166 (EGS) |

## ANSWER TO THE AMENDED COMPLAINT

Defendant, the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office, through his undersigned attorneys, answers the amended complaint as follows:

### NATURE OF THE ACTION [1]

Paragraph (¶)1 through ¶ 3. These paragraphs are plaintiff's characterization of its case, as to which no response is required.

### THE PARTIES

¶ 4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the averments made in this paragraph.

¶ 5. Admitted.

---

[1] The headings in this Answer, which follow the headings in the amended complaint, are included solely for ease of reference.

## JURISDICTION AND VENUE

¶ 6. This paragraph contains conclusions of law as to which no response is required.

¶ 7. Admitted.

¶ 8. The first sentence is admitted. The second sentence is denied.

## BACKGROUND

¶ 9. Defendant admits that Ekambar R. Kandimalla, Sudhir Agrawal, Daqing Wang, Lakshmi Bhagat, and Dong Yu are named as co-inventors on the face of the '554 Patent, entitled "Synergistic Treatment of Cancer Using Immunomers in Conjunction with Therapeutic Agents" which issued from U.S. Patent Application No. 10/846,167 ("the '167 Application"). Defendant denies that the '167 Application had a filing date of May 29, 2000. Defendant avers that the '167 Application had a filing date of May 14, 2004. Defendant admits that the '167 Application issued as U.S. Patent No. 7,569,554. Defendant denies that U.S. Patent No. 7,569,554 issued on June 9, 2009. Defendant avers that U.S. Patent No. 7,569,554 issued on August 4, 2009. Defendant admits that Plaintiff attached the '554 Patent to the original Complaint. All other allegations contained within this paragraph are denied.

¶ 10. Defendant admits that Ekambar R. Kandimalla, Sudhir Agrawal, Dong Yu, and Lakshmi Bhagat are named as co-inventors on the face of the '862 Patent, entitled "Modulation of Immunostimulatory Properties of Oligonucleotide-based Compounds by Optimal Presentation of 5" Ends" which issued from U.S. Patent Application No. 10/925,873 ("the '873 Application"). Defendant further admits that the '873 Application was filed on August 25, 2004, and issued as U.S. Patent No. 7,517,862 on April 14, 2009. Defendant admits that Plaintiff attached the '862 Patent to the original Complaint. All other allegations contained within this paragraph are denied.

¶¶ 11 and 12.  Admitted.

¶ 13.  The first sentence of this paragraph contains conclusions of law as to which no response is required.  Defendant admits that the second sentence of this paragraph contains an accurate quotation of 35 U.S.C. § 154(b)(3)(D).

¶ 14.  Defendant admits that the '554 Patent is subject to a terminal disclaimer over the '862 patent.  Defendant admits that the second sentence of this paragraph contains an accurate quotation of 35 U.S.C. § 154(b)(2)(B).  Defendant denies that the patent term adjustment for the '554 Patent is determined in part with respect to the '862 Patent.  Defendant denies that it is necessary and appropriate for this Court to correct the term of the '862 Patent in order to fully determine the proper term adjustment of the '554 Patent.

¶ 15.  There is no paragraph 15 in the Amended Complaint or in the original Complaint.

¶ 16.  This paragraph contains conclusions of law to which no response is required.

¶ 17.  Defendant admits that this paragraph contains an accurate quotation of 35 U.S.C. § 154(b)(4)(A).

## CLAIM FOR RELIEF

## COUNT I (THE '554 PATENT)

¶ 18.  Defendant repeats and incorporates herein its responses to paragraphs 1 through 17 above.

¶ 19. Defendant admits that the patent term adjustment that appears on the face of the '554 Patent is 722 days and that it was determined in part under an interpretation of 35 U.S.C. § 154(b) (2)(A) that differed from the one subsequently announced in Wyeth v. Dudas, 580 F. Supp. 2d 138 (D.D.C. 2008) ("Wyeth I") aff'd sub. nom. Wyeth v. Kappos, 591 F.3d 1364 (Fed. Cir. 2010) ("Wyeth II").

¶ 20.  Admitted.

¶¶ 21 and 22.  Denied.

¶ 23.  Admitted.

¶ 24.  Defendant admits that the first sentence contains an accurate quotation of 35 U.S.C. § 154(b)(2)(A).  The second sentence is denied.

¶ 25.  Denied.

¶ 26.  This paragraph contains conclusions of law to which no response is required.  To the extent that a response is required, Defendant admits that the patent term adjustment that appears on the face of the '554 Patent was determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced in <u>Wyeth I</u> and <u>Wyeth II</u>.  Defendant denies the allegations contained within the remainder of this paragraph.

¶ 27.  This paragraph contains conclusions of law to which no response is required.  To the extent a response is required, Defendant admits that the patent term adjustment that appears on the face of the '554 Patent was determined in part under an interpretation of 35 U.S.C. § 154(b)(2)(A) that differed from the one subsequently announced in <u>Wyeth I</u> and <u>Wyeth II</u>.  Defendant denies the allegations contained within the remainder of this paragraph.

¶ 28.  The first sentence of this paragraph contains conclusions of law to which no response is required.  Defendant admits that the second sentence of this paragraph contains an accurate quotation of 35 U.S.C. § 154(b)(2)(b).  The third sentence of this paragraph contains conclusions of law to which no response is required.  Defendant denies the allegations contained within the remainder of this paragraph.

## COUNT II (THE '862 PATENT)

¶29. Defendant repeats and incorporates herein its responses to paragraphs 1 through 28 above.

¶ 30. The first sentence of this paragraph contains conclusions of law to which no response is required. Defendant admits that the '862 Patent issued from the '873 Application. Defendant further admits that the patent-term adjustment that appears on the face of the '862 Patent is 594 days. Defendant denies the allegations contained within the remainder of this paragraph.

¶¶ 31 and 32. Admitted.

¶ 33. Denied.

¶ 34. Admitted.

¶ 35. Defendant admits that the first sentence of this paragraph contains an accurate quotation of 35 U.S.C. § 154(b)(2)(A). The second sentence is denied.

¶¶ 36 and 37. Denied.

¶ 38. The first two sentences of this paragraph contain conclusions of law as to which no response is required. The third sentence is denied.

¶ 39. Admitted.

¶¶ 40 and 41. Denied.

Defendant denies every allegation contained in the amended complaint not specifically admitted herein.

## PRAYER FOR RELIEF

The remainder of the complaint is the prayer for relief, as to which no response is required. Defendant, nonetheless, denies that Plaintiff is entitled to any relief other than a

remand to the Patent and Trademark Office for recalculation of the patent-term adjustment of the '554 Patent in accordance with Wyeth I and Wyeth II.

## AFFIRMATIVE DEFENSE

Count II of the Amended Complaint is untimely.

## DEFENDANT'S PRAYER FOR RELIEF

Defendant requests that judgment be entered in Defendant's favor as to the claims regarding the '862 Patent and that the remaining claims regarding the '554 Patent be remanded to the USPTO for recalculation in accordance with Wyeth I and Wyeth II and issuance of a Certificate of Correction that reflects Defendant's revised patent-term adjustment determination.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney
for the District of Columbia

RUDOLPH CONTRERAS, D.C. Bar # 434122
Chief, Civil Division

BY:   /s/ Fred E. Haynes
FRED E. HAYNES, D.C. Bar #165654
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
Phone: (202) 514-7201
Fax: (202) 514-8780
fred.haynes@usdoj.gov

Of Counsel:
Raymond T. Chen
Solicitor
United States Patent and Trademark Office

Benjamin D.M. Wood
Thomas V. Shaw
Associate Solicitors
United States Patent and Trademark Office
and Special Assistant United States Attorneys for
the District of Columbia